## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

**CHAMBERS OF**  
**SUSAN K. GAUVEY**  
**U.S. MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**  
**BALTIMORE, MARYLAND 21201**  
**MDD_skgchambers@mdd.uscourts.gov**  
**(410) 962-4953**  
**(410) 962-2985 - Fax**

December 20, 2005

Richard S Gordon, Esq.
Kieron F Quinn, Esq.
Quinn Gordon and Wolf Chtd
102 W Pennsylvania Ave Ste 402
Towson, MD 21204

Philip Omer Foard, Esq.
Foard Gisriel OBrien and Ward LLC
29 W Susquehanna Ave Ste 302
Towson, MD 21204

Philip Scott Friedman, Esq.
Friedman Law Offices PLLC
2401 Pennsylvania Ave NW Ste 410
Washington, DC 20037

Ira L Oring, Esq.
Fedder and Garten PA
2300 Charles Ctr South
36 S Charles St
Baltimore, MD 21201-1036

Charles A Newman, Esq.
Christopher D Baucom, Esq.
Douglas Willard King, Esq.
Stephen D Feldman, Esq.
Bryan Cave LLP
211 N Broadway Ste 3600
St Louis, MO 63102

   **Re: Mitchell-Tracey v. United General Title Insurance Co., et al., Civil No. AMD-05-1428**

Dear Counsel:

  Presently pending before the Court is plaintiffs' motion to

compel discovery. (Paper No. 49).  The issue is fully briefed.[1]
A hearing was held on December 19, 2005.

    Plaintiffs filed a class action against defendants United General Title and First American Title Insurance Co., for money had and received, violation of the Real Estate Settlement Procurement Act (12 U.S.C. § 2607), negligent misrepresentation, and civil conspiracy.  The putative class is

> all persons or entities in Maryland who, within 10 years of having previously purchased title insurance in connection with their mortgage or fee interest, refinanced the identical mortgage or fee interest, and were charged a title insurance premium by United General and/or First American that exceeded the applicable premium discount or "reissue rate" for title insurance on file with the Maryland Insurance Administration that such persons or entities should have been charged.  Excluded from the Class are officers and directors of the Defendants, as well as any personnel of the Court.

(Paper No. 2).

    Discovery is currently ongoing <u>solely</u> as to the issue of the maintainability of the case as a class action.  <u>Doctor v. Seaboard Coast Line Railroad Co.</u>, 540 F.2d 699, 707 (4th Cir. 1976).  In determining whether discovery is appropriate on this issue, courts should consider "whether he is asserting a claim which, assuming its merit, will satisfy the requirements of Rule 23."  <u>Id.</u>

    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, one or more members of a class may bring suit as representative parties on behalf of all only if "(1) the class is so numerous that joinder of all parties is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a).

    A.   <u>Request No. 6</u>: Plaintiffs request the production of all

---

[1] Plaintiffs filed the motion to compel on November 3, 2005. (Paper No. 44).  A response was filed by the defendants, (Paper No. 46), and plaintiffs replied to the response.  (Paper No. 48).

    audits conducted from January 1, 2001 to the present, including but not limited to the complete files and supporting materials for such audits, of all Title Insurance Producers appointed by you in the State of Maryland.

 Defendants object to the request, as unduly burdensome and irrelevant at the stage of the litigation. (Paper No. 46 at 2-3). The plaintiffs respond that the audit reports may show a uniform policy to defraud investors and are therefore relevant to certification. (Paper No. 48 at 2).

 At the hearing, plaintiffs agreed to limit the request (1) to audits of all agents who assisted the named plaintiffs; and (2) to audit reports regarding reissuance rates in connection with refinancing transactions and Best Price Rule.  Under these restrictions, defendants concede the request would not be unduly burdensome.

 Moreover, the requested information is relevant.  When asked at his deposition whether the audit process would reveal if the proper rate was given to the borrower, Lynch, the vice-president and counsel of First American, stated that it could.  As a result, even though only a sample of the companies' files have been audited, sufficient evidence might be found from which an expert could extrapolate to testify the companies had a uniform policy of charging investors an improper rate.  Thus, the information must be disclosed.

  B. <u>Request Nos. 15 and 16</u>:

<u>Request No. 15</u>: Plaintiffs seek the production of any correspondence or communication with the Maryland Insurance Administration, regarding compliance with the laws and regulations in the State of Maryland from January 1, 2001 through the present.

<u>Request No. 16</u>: Plaintiffs seek the production of any compliance reports or examinations, whether electronic or tangible, conducted by any agency of the State of Maryland, including the Maryland Insurance Administration concerning, describing, or relating to your compliance with the laws and regulations governing the provision of title insurance in the State of Maryland from January 1, 1990 to the present.

 Defendants object to the requests as overly broad and burdensome and irrelevant. (Paper No. 46 at 3-4).  Plaintiffs respond that the communications will reveal a uniformity of

practices suitable for class action treatment.

At the hearing, plaintiffs agreed to limit both requests to documents that were sent to or from the Maryland Insurance Administration regarding the reissuance rate of refinancing transactions and the Best Price Rule from January 1, 2002 through the present.[2]  As modified, the requests are not overly broad.

Moreover, the information requested could lead to relevant evidence regarding the commonality and typicality of the class members.  Thus, the information must be disclosed.

> C. Request No. 20: Plaintiffs seek the production of copies of any law suits filed against the defendants in any state of the United States from January 1, 2000 to the present, alleging that the agents or appointed agents failed to provide consumers with a reissue rate for title insurance.

Plaintiffs assert the information is relevant under the Class Action Fairness Act (CAFA), 28 U.S.C.A. § 1711 et seq, which was created to assure certain uniformity of treatment of defendants subject to class action claims, among other reasons. (Paper No. 44 at 3).  CAFA created a new form of diversity jurisdiction designed to address abuses by state court judges who kept cases of national importance out of federal court, acted in ways that demonstrated bias against out of state defendants, and made judgments that imposed their view of laws of other states. Wright & Miller, 7A Federal Practice & Procedure 3d § 1756.2 (2005).  While evidence of other pending class actions in other jurisdictions involving the same dispute within the past two years may be relevant under the "local jurisdiction" exception to diversity jurisdiction, 28 U.S.C.A. § 1332 (b) (2005), the Court has not located any authority which suggests this information also may be relevant to certification.  As federal jurisdiction is not contested, the information is not relevant under CAFA.

---

[2] Specifically, the request are modified as follows:
Request No. 15: Any correspondence with the Maryland Insurance Administration regarding the reissuance rate of refinancing transactions and the Best Price Rule from January 1, 2002 through the present.
Request No. 16: Any compliance reports or examinations, whether electronic or tangible, conducted by the Maryland Insurance Administration concerning, describing or relating to your compliance with the laws and regulations governing the reissuance rate of refinancing transactions and the Best Price Rule from January 1, 2002 through the present.

(Paper No. 46 at 4-5).

In addition, plaintiffs assert that lawsuits from other states may be relevant to show a common, nationwide practice or policy by the defendants. (Paper No. 44 at 3-4).  In their complaint, plaintiffs brought a class action solely on behalf of other Maryland residents.  Indeed, insurance laws and practices are uniquely a matter of state law, strongly suggesting the irrelevance in any event of lawsuits in other states.  Evidence of claims in other states is therefore irrelevant to the typicality or commonality of the claims of Maryland citizens.  Thus, the requested information need not be disclosed.

For all these reasons, plaintiffs' motion to compel response to request nos. 6, 15 and 16 as modified, is GRANTED and defendants shall produce the documents by Friday, December 30, 2005, but plaintiffs' motion to compel response to request no. 20 is DENIED.

During the telephone hearing, counsel for the plaintiffs indicated that defendant refused to respond to two letters seeking responses to additional discovery requests.  Defendants responded that it only received one letter on the business day prior to the hearing, December 16, 2005.  Counsel for the defendant will be given until December 21, 2005 to respond to the plaintiffs' requests.  If counsel for the defense agrees to produce the requested documents in response to the request, the production must be completed by December 23, 2005.  If a dispute arises, counsel should notify the Court on that day to arrange a motions hearing during the week of December 20.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                            Sincerely yours,

                            /s/

                            Susan K. Gauvey
                            United States Magistrate Judge

cc:   Court file