# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax


January 9, 2006

Richard S. Gordon, Esq.
Kieron F. Quinn, Esq.
Quinn Gordon and Wolf Chtd
102 W. Pennsylvania Ave Ste 402
Towson, MD 21204

Philip Omer Foard, Esq.
Foard Gisriel O'Brien and Ward LLC
29 W. Susquehanna Ave Ste 302
Towson, MD 21204

Philip Scott Friedman, Esq.
Friedman Law Offices PLLC
2401 Pennsylvania Ave NW Ste 410
Washington, DC 20037

Ira L. Oring, Esq.
Fedder and Garten PA
2300 Charles Ctr South
36 S. Charles St
Baltimore, MD 21201-1036

Charles A Newman, Esq.
Christopher D. Baucom, Esq.
Douglas Willard King, Esq.
Stephen D. Feldman, Esq.
Bryan Cave LLP
211 N Broadway Ste 3600
St Louis, MO 63102

        Re:  **Mitchell-Tracey v. United General Title Insurance Co.,
             et al., Civil No. AMD-05-1428**

Dear Counsel:

        Presently pending before the Court is defendants' motion to

compel discovery. (Paper No. 55).  The issue is fully briefed.[1]
A hearing was held on January 5, 2006.

     Defendants ask the Court to compel plaintiffs to produce
documents responsive to Request No. 12.  Request No. 12 seeks the
production of all documents concerning the named plaintiffs' fee
agreements or retainer agreements with class counsel.  Plaintiffs
respond that the documents requested are privileged and
irrelevant.  They contend the dispute has been manufactured "only
to harass the named Plaintiffs and their counsel."  (Paper No. 53
at 9).

     Discovery is currently ongoing <u>solely</u> as to the issue of the
maintainability of the case as a class action.  <u>Doctor v.
Seaboard Coast Line Railroad Co.</u>, 540 F.2d 699, 707 (4th Cir.
1976).  Rule 26 of the Federal Rules of Civil Procedure permits
discovery of any non-privileged matter relevant to the claim or
defense of any party.  FED. R. CIV. P. 26(b)(1).  In determining
whether discovery is appropriate on this issue, courts should
consider "whether he is asserting a claim which, assuming its
merit, will satisfy the requirements of Rule 23."  <u>Doctor v.
Seaboard Coast Line Railroad Co.</u>, 540 F.2d 699, 707 (4th Cir.
1976).  The burden is on the party resisting discovery to clarify
and explain precisely why the documents sought are not relevant.
<u>United Oil Co., Inc. v. Parts Associates, Inc.</u>, 227 F.R.D. 404,
411 (D. Md. 2005).

     Several courts have held that fee arrangements are
irrelevant to class certification.  <u>See</u> <u>Sanderson v. Winner</u>, 507
F.2d 477, 479-80 (10th Cir. 1974); <u>Stahler v. Jamesway Corp.</u>, 85
F.R.D. 85, 86 (E.D. Pa. 1979) (inquiry into the manner in which
plaintiff intends to compute the fees due to her has no relevancy
to the issue of adequacy of representation); <u>In re McDonnell
Douglas Corp. Securities Litigation</u>, 92 F.R.D. 761, 763 (E.D. Mo.
1981); <u>In re Nissan Motor Corp. Antitrust Litigation</u>, 1975 WL
166141, *2 (S.D. Fla. 1975).  <u>See also</u> 7 A. Conte and H. Newberg,
<u>Newberg on Class Actions</u>, § 22:79 (4th ed. 2005) ("Defendants
often request discovery regarding fee arrangements between the
plaintiffs and their counsel, but courts usually find such
discovery to be irrelevant to the issue of certification.").[2]

---

     [1] Defendants filed the motion to compel on December 14, 2005.
(Paper No. 51).  Plaintiffs responded on January 3, 2006.  (Paper No.
53).  Defendants filed their reply on January 5, 2006. (Paper No. 54).

     [2]Review of the case law indicates these courts have treated
billing agreements like tax returns, in that both documents are

Other courts have permitted the discovery of fee arrangements as evidence of the ability of class counsel and plaintiff to maintain the class action and pay all associated costs. <u>See</u> <u>Porter v. Nationscredit Consumer Discount Co.</u>, 2004 WL 1753255 (E.D. Pa. 2004)("Fee agreements may be relevant to a plaintiff's ability to protect the interests of potential class members by adequately funding the suit and to the question of awarding attorney's fees upon settlement or judgment."); <u>Epstein v. American Reserve Corp.</u>, 1985 WL 2598, *3 (N.D. Ill. 1985); <u>Klein v. Henry S. Miller Residentical Co.</u>, 82 F.R.D. 6, 8-9 (N.D. Tex. 1978). <u>See also</u> FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION § 21.141 (4th ed. 2004) ("Precertification inquiry into the named parties' finances of the financial arrangements between the class representatives and their counsel are rarely appropriate, <u>except</u> to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately."). However, defendants do not dispute plaintiffs' ability to finance the action so that does not provide a ground for this discovery request.

Instead, defendants claim that the information is relevant on other grounds. In their motion, defendants stated that the "contractual relationship established between the supposedly adequate representative plaintiff and class counsel is pertinent to the issue of adequacy of the plaintiffs and counsel." (Paper No. 54). At the hearing, defendants asserted the documents were relevant for several reasons: First, defendants said that the fee agreement may contain a provision whereby the named plaintiffs  receive an incentive payment. However, defense counsel conceded that incentive payments are not per se illegal and that any award of an incentive payment would be subject to court approval. Nonetheless, because of this possible  incentive payment, defendants allege that plaintiffs cannot establish that their claims are typical or representation adequate, as their interests will be different from plaintiffs who will not receive the incentive payment. Two of the named plaintiffs testified at their deposition that such an arrangement does not exist. Counsel for plaintiffs assured the Court that identical agreements exist between counsel and all named plaintiffs. Second, the defendants said that the fee agreement may give the class attorney authority

---

somewhat sensitive and are only circumstantially relevant. <u>See</u> <u>Terwilliger v. York Intern Corp.</u>, 176 F.R.D. 214, 216-7 (W.D. Va. 1997)(tax returns are not discoverable unless they are relevant to the subject matter in dispute and the defendants have a compelling need for the information). Thus, courts will carefully scrutinize the asserted rationale for obtaining the records before ordering its disclosure.

to settle the case - demonstrating the named plaintiffs'
abdication of their responsibility to the class.  Defendants
conceded that any settlement is subject to Court approval.  In
addition, defendants did not have any basis to believe that such
arrangement existed.  Third, the defendants said that the fee
agreement may address when counsel for the plaintiff became
involved in the case and whether any other counsel were involved
-- apparently to explore possible ethical lapses due to fee
sharing.  However, discovery has already demonstrated that the
named plaintiffs' first contact was with Mr. Gordon.

     Critically, defendants did not cite a single case or other
authority attesting to the relevance of these hypothetical
aspects of fee agreements to questions of adequacy or typicality
during class certification discovery.  Instead, defendants stated
that they have argued these positions in other cases, but could
not cite to opinions adopting them.  Accordingly, little weight
to this can be accorded.

     Defense arguments are plainly insufficient.  The requisite
relevance has not been demonstrated.  Defendants' arguments are
bereft of any supporting authority (and any basis in fact) and do
suggest a fishing expedition that this court will not endorse.
When determining whether a named plaintiff is typical, the proper
inquiry is whether the conduct alleged is typical to all
plaintiffs, not whether the parties have a common interest in
pursuing the lawsuit.  See Talley v. ARING, Inc., 222 F.R.D. 260,
268 (D. Md. 2004) (proper typicality inquiry is whether "a
sufficient relationship exists between the injury to the named
plaintiff and the conduct affecting the class, so that the court
may properly attribute a collective nature to the challenged
conduct.").  Moreover, representation is considered "adequate" if
the class representatives are not disqualified by reason of
interests antagonistic to the rest of the class.  Id.  Any
settlement or award of attorneys fees is subject to the approval
of the Court, so that defense concerns will get a hearing.
Moreover, defendants have not demonstrated as a matter of law
that their argued concerns would be sufficient to disqualify the
named plaintiffs or class counsel, in any event.

     While relevancy is defined broadly, the definition is not
without limit.  The weight of the case law holds that fee
arrangements are irrelevant at this stage of the proceeding,
except in certain instances -- none of which are at issue in this
case.  Instead, the appropriate time for inquiry into fee
arrangements is after judgment under Rule 69 of the Federal Rules
of Civil Procedure.  See Sanderson v. Winner, 507 F.2d 477, 479-
80 (10th Cir. 1974); In re McDonnell Douglas Corp. Securities

<u>Litigation</u>, 92 F.R.D. 761, 763 (E.D. Mo. 1981).[3]

For the foregoing reasons, the defendants' motion is DENIED.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Susan K. Gauvey
United States Magistrate Judge

cc:  Court file

---

[3] Plaintiffs also object to the request as privileged.  Because the documents are not relevant, the Court will not address whether the documents are privileged at this time. <u>See</u> <u>Sanderson v. Winner</u>, 507 F.2d 477, 479-80 (10th Cir. 1974).