# AMERICAN PIONEER TITLE INSURANCE COMPANY
## LOAN FORM
### SCHEDULE A

| COUNTY CODE | | | | |
|---|---|---|---|---|
| OFFICE FILE NUMBER | AGENT/BRANCH NUMBER | REINSURANCE NUMBER | SIMULTANEOUS NUMBER | |
| AS011930 | 1547 | | | |
| POLICY NUMBER | DATE OF POLICY | | AMOUNT OF INSURANCE | |
| | June 16th, 2004 or the date of recording of the insured mortgage, whichever is later. | | $224,000.00 | |

1. Name of Insured:

   Savings First Mortgage, LLC, and/or its successors and assigns, as their interests may appear

2. The estate or interest referred to herein is at Date of Policy vested in:

   Paul Klatsky and Helen Klatsky, By virtue of a Assignment dated June 15, 2000 and recorded among the Land Records of Baltimore County, acquired from G.F.&R., Incorporated.

3. The estate or interest in the land which is covered by this policy is:

   LEASEHOLD Subject to a ground rent of $320.00 payable on the 15th of June and December of each and every year.

4. The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described as follows:

   Deed of Trust from Paul Klatsky and Helen Klatsky to secure Savings First Mortgage, LLC, in the principal sum of $224,000.00, dated June 16th, 2004.

5. The land referred to herein is described as follows:

   SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Accurate Settlement Services, Inc. (AS)

By: Millard S. Rubenstein

Issued By:
Accurate Settlement Services, Inc. (AS)
100 Painters Mill Road, Suite 2220
Owings Mills, Maryland 21117

This policy valid only if Schedule B is attached.

SC-11(REV. 2/93)

BEING KNOWN AND DESIGNATED as Unit #52, Phase Twenty-Three in the Goldsborough Manor Condominium as established pursuant to a Declaration for Goldsborough Manor Condominium dated January 21, 1998, and recorded among the Land Records of Baltimore County in Liber S.M. No. 12645, folio 565 (and as the same may be lawfully amended from time to time), and pursuant to the condominium plat entitled "Condominium Plat, GOLDSBOROUGH MANOR, PHASE TWENTY THREE", dated March 2, 2000 and recorded at Condominium Plat Book S.M. No. 23, folio 68 (and as the same may be lawfully amended from time to time); and subject to the By-Laws for said condominium recorded at Liber S.M. No. 12645, folio 582 (and as the same may be lawfully amended from time to time). Together with that undivided interest in the Common Elements of said Goldsborough Manor Condominium appurtenant to said Unit.

TOGETHER with all rights, privileges, covenants, restrictions, charges, easements and benefits set forth in the aforementioned Declaration, By-Laws and Plats and any amendments thereto, including an undivided percentage interest in the common elements and common expenses of the condominium regime as set forth in the said Declaration, By-Laws and Plats.

THE IMPROVEMENTS thereon being known as No. 2 Johnsborough Court - Unit #52.

BEING the same lot or parcel of ground which by Deed dated June 15, 2000 and recorded among the Land Records of Baltimore County, State of Maryland, in Liber 14555, folio 193, was granted and assigned by and between G.F.&R., Incorporated, unto Paul Klatsky and Helen Klatsky.

THE BORROWER(S) HEREBY CERTIFY(IES) he/she/they is/are the original mortgagor(s), that the property which is subject to this Mortgage/Deed of Trust is his/her/their principal residence, and the amount secured by this Mortgage/Deed of Trust has been borrowed for the purpose of refinancing an existing Mortgage/Deed of Trust with Allfirst Bank, recorded among the aforesaid Land Records in Liber No. 17787, folio 050, and the principal balance due under said Mortgage/Deed of Trust as of the date herewith is $_____.

**LOAN FORM**
**SCHEDULE B - PART I**

Policy No.

This policy does not insure against loss or damage by reason of the following exceptions:

(1) Rights or claims of parties in possession not shown by public records.
(2) Encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the land.
(3) Easements, or claims of easements, not shown by the public records.
(4) Taxes or special assessments which are not shown as existing liens by the public records.
(5) Any lien, or claim to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.
(6) Taxes and assessments due and payable and subsequent years.

(ACCOUNT #04-2300008729) 1ST INSTALLMENT 2003-2004 STATE AND COUNTY TAXES ARE PAID IN THE AMOUNT OF $1,364.57. 2ND INSTALLMENT 2003-2004 STATE AND COUNTY TAXES ARE PAID IN THE AMOUNT OF $1,364.57. TAXES ARE CURRENT AND PAID THROUGH 6/30/04.

7. Subject to Easements, claims of Easements, Rights-of-Way, Restrictive Covenants, mineral rights, setback lines, notes, utility easements, roads, rights of way and conditions appearing on any Plat(s) and any amendments thereto of record which may affect said land.

8. Subject to any discrepancies, conflicts in boundary lines, encroachments, easements, measurements, variations in area or content, party walls and/or other facts which a correct survey and/or physical inspection of the premises would disclose.

9. Subject to Payment and Satisfaction of a Deed of Trust dated February 6, 2003, and recorded among the Land Records of Baltimore County in Liber 17787, folio 050, in the original amount of $182,532.02, securing Allfirst Bank.

10. Subject to a ninety-nine year Lease, which established an annual ground rent in the amount of $320.00, due and payable on the 15th days of June and December in equal semi-annual installments in each and every year.

11. Final Lender's Policy will contain an Alta 8.1 and a Alta 4 and a Conversion Endorsement.

**SCHEDULE B - PART II**

In addition to the matters set forth in Part I of this schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest:

NOTE: This Policy consists of insert pages labeled Schedules A and B. This Policy is of no force and effect unless both pages are included with any added pages incorporated by reference.

SC-12(REV. 2/93)

# CONVERSION ENDORSEMENT
## CONVERTS
## ALTA LOAN POLICY (10-17-92)
## TO
## LOAN POLICY EXTENDED COVERAGE:
## FOR A ONE-TO-FOUR FAMILY RESIDENCE

Attached to and made a part of

Loan Policy Number

Issued by

## AMERICAN PIONEER
## TITLE INSURANCE COMPANY

THIS ENDORSEMENT IS VOID IF NOT ATTACHED TO EITHER AN:

ALTA LOAN POLICY (10-17-92)
INSURING A ONE-TO-FOUR FAMILY RESIDENCE
OR A RESIDENTIAL CONDOMINIUM UNIT

OR

ALTA SHORT FORM RESIDENTIAL LOAN POLICY (10-17-92)
INSURING A ONE-TO-FOUR FAMILY RESIDENCE
OR A RESIDENTIAL CONDOMINIUM UNIT

The Policy is hereby amended per attached Exhibit A, consisting of 4 pages.

This endorsement is made a part of said policy and is subject to all terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements nor does it increase the face amount thereof.

AMERICAN PIONEER TITLE
INSURANCE COMPANY

Dated:
Issued By:

June 16, 2004
Accurate Settlement Services, Inc. (AS)
100 Painters Mill Road, Suite 2220
Owings Mills, Maryland 21117

_____
Authorized Signatory

NOTE: This endorsement shall not be valid or binding until signed by an authorized signatory.
CONVERSION ENDORSEMENT EN-192 (8/99)

EXHIBIT A
TO CONVERSION ENDORSEMENT (EN-192)

THE INSURING PROVISIONS OF THE POLICY ARE HEREBY AMENDED AS FOLLOWS:

The opening paragraph of the Insuring Provisions reading:
SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, AMERICAN PIONEER TITLE INSURANCE COMPANY, a Florida corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance in Schedule A, sustained or incurred by the Insured by reason of:
is hereby deleted and the following substituted therefor:
SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, AMERICAN PIONEER TITLE INSURANCE COMPANY, a Florida corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding one hundred twenty-five percent (125%) of the Amount of Insurance stated in Schedule A, sustained or incurred by the Insured by reason of:

Insuring Provision #4, reading:
4. Lack of a right of access to and from the land;
is hereby deleted and the following is substituted therefor:
4. Lack of a right of pedestrian and vehicular access to and from the land;

Insuring Provision #7, reading:
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
(a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or
(b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
is hereby deleted and the following is substituted therefor:
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material arising from an improvement or work related to the land, whether or not:
(a) statutory lien or liens arise prior to or after the Date of Policy; or
(b) the improvement or work is contracted for or commenced prior to or after Date of Policy;

Insuring Provision #8, reading:
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment show in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.
is hereby re-numbered as insuring provision #9.

The following insuring provisions are hereby added to the policy:
8. Any assessments for street improvements under construction or completed at date of Policy which have now gained or hereafter may gain priority over the lien of the insured mortgage;
10. The invalidity or unenforceability of the lien of the insured mortgage upon the title based upon a violation of the usury laws of the state where the land is located;
11. The failure of the land to have the street address set forth in Schedule A;
12. The failure of the land to contain a one-to-four family residential structure or, if stated in Schedule A, a condominium;
13. The failure of land to be zoned to permit a one-to-four family residential structure or, if stated in Schedule A, a condominium;
14. The failure of the land to be a lawfully created parcel according to state statues governing subdivision of land and local ordinances adopted pursuant thereto;
15. Failure of the existing residential structure, any portion thereof, or a modification thereto or replacement thereof constructed after Date of Policy, to have been constructed with a valid building permit from the appropriate local government issuing office or agency;
16. Matters insured against by ALTA Form 9 endorsement, as they were stated herein in their entirety;
17. Any encroachment, overlap, overhang, prescriptive easement or adverse claim of title based upon possession or use which would be disclosed by an accurate survey of land as of Date of Policy not otherwise covered by insuring provision 16;

Exhibit A to Conversion Endorsement EN-192 (8/99)

the inability to use the existing residential structure or any replacement thereof constructed after Date of Policy for residential purposes because that use violates a restriction set forth in Schedule B;

19. Encroachment onto the land of an improvement constructed after Date of Policy by someone other than, and without consent of, the then owner of the estate or interest referred to in Schedule A;

20. Damage to improvements, or to the lawn, shrubbery or trees, constructed or planted after date of Policy as a modification to or replacement of the existing improvements, or lawn, shrubbery or trees, as a result of future exercise of any right to use the surface of the land for the extraction or development of minerals or water;

21. Matters insured against by an:

(a) ALTA Form 6 endorsement, as if it were stated herein in its entirety, if the insured mortgage secures obligations which provide for an adjustable interest rate; or

(b) ALTA Form 6.2 endorsement, as if it were stated herein in its entirety, if the insured mortgage secures obligations which provide for both an adjustable rate interest rate and negative amortization;

22. Forgery After Date of Policy of any assignment, release or reconveyance (partial or full) of the insured mortgage; or in the event the insured has acquired the estate or interest in the manner described in Section 2(a) of the Conditions and Stipulations and has not conveyed the title, forgery of any instrument by which another claims the title has been conveyed after Date of Policy;

23. Lack of priority of the lien of title of the insured mortgage over any environmental protection lien which comes into being after Date of Policy which is provided for by any statute in effect at date of Policy; or

24. The invalidity, unenforceability or lack of priority of the lien of the insured mortgage as to:

(a) Advances made after date of Policy pursuant to the terms of the insured mortgage existing at Date of Policy; and

(b) Advances made and/or changes in the rate of interest charges subsequent to any modification to the terms of the insured mortgage made after date of Policy, which are by the terms of the insured mortgage, as modified, secured thereby.

THE EXCLUSIONS FROM COVERAGE ARE HEREBY AMENDED AS FOLLOWS:

Paragraph 1 of the Exclusion from Coverage reading:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereinafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

(b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

is hereby deleted and the following is substituted therefor:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereinafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. This exclusion does not limit the coverage provided under Insuring provisions 13, 14, 15 and 23 of this policy.

(b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. This exclusion does not limit the coverage provided under insuring provisions 13, 14, 15 and 23 of this policy.

Paragraph 3.(d) of the Exclusions from Coverage reading:

(d) attaching or created subsequent to Date of policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or

is hereby deleted and the following is substituted therefor:

(d) attaching or created subsequent to Date of policy (this paragraph (d) does not limit the coverage provided under insuring provisions 7, 8, 15, 16, 18, 19, 20, 22, 23 and 24); or

Paragraph 5. of the Exclusions from Coverage reading:

5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

Exhibit A to Conversion Endorsement EN-192 (8/99)

is hereby deleted and the following is substituted therefor:

5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon:

(a) usury, except as provided under Insuring provision 10 of this policy; or

(b) any consumer credit protection or truth in lending law.

Paragraph 6. of the Exclusions from Coverage reading:

6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contacted for and commenced subsequent to the Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.

is hereby deleted and the following is substituted therefor:

6. Taxes or assessments of any taxing or assessment authority which become a lien on the land subsequent to Date of Policy.

The following Paragraphs 8. and 9. are added to the Exclusions from Coverage:

8. any claim of invalidity, unenforceability or lack of priority of the lien of the insured mortgage as to advances or modifications made after the insured has knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy.

9. Lack of priority of the lien of the insured mortgage as to each and every advance made after Date of Policy, and all interest charged thereon, over liens, encumbrances and other matters affecting title, existence of which are known to the insured at:

(a) the time of the advance; or

(b) the time a modification is made to the terms of the insured mortgage which changes the rate of interest charged, if the rate of interest is greater as a result of the modification than it would have been before the modification.

THE CONDITIONS AND STIPULATIONS ARE AMENDED AS FOLLOWS:

Paragraphs 2.(c)(i) and 2.(c)(ii) reading:

(c) Amount of Insurance. The amount of insurance after the acquisition or after the conveyance shall in neither even exceed the least of:

(i) the Amount of Insurance stated in Schedule A;

(ii) the amount of the principal of the indebtedness secured by the insured mortgage as of Date of Policy, interest thereon, expenses of foreclosure, amounts advanced pursuant to the insured mortgage to assure compliance with laws or to protect the lien of the insured mortgage prior to the time of acquisition of the estate or interest in the land and secured thereby and reasonable amounts expended to prevent deterioration of improvements, but reduced by the amount of all payments made; or

are hereby deleted and the following are substituted therefor:

(c) Amount of Insurance. The amount of insurance after the acquisition or after the conveyance shall in neither even exceed the least of:

(i) One hundred twenty-five percent (125%) of the Amount of Insurance stated in Schedule A;

(ii) the amount of the principal of the indebtedness secured by the insured mortgage, at time of acquisition of the estate or interest, interest thereon, expenses of foreclosure, amounts advanced pursuant to the insured mortgage to assure compliance with laws or to protect the lien of the insured mortgage prior to the time of acquisition of the estate or interest in the land and secured thereby and reasonable amounts expended to prevent deterioration of improvements, but reduced by the amount of all payments made; or

NOTE: Paragraph 2.(c)(iii) remains unchanged.

Paragraphs 6.(a) reading:

(a) To Pay or Tender payment of the Amount of Insurance or to Purchase the Indebtedness.

is hereby deleted and the following is substituted therefor:

(a) To Pay or Tender payment of One Hundred Twenty-Five Percent (125%) of the Amount of Insurance or to Purchase the Indebtedness.

Paragraph 7.(a)(i) and 7.(a)(iii) reading:

(i) the Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section2(c) of these Conditions and Stipulations;

(iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by the policy.

CONVERSION ENDORSEMENT EN-192 (6/99)

is hereby deleted and the following is substituted therefor:

(i) One hundred twenty-five percent (125%) of the Amount of Insurance stated in Schedule A, or, if applicable, the amount of Insurance as defined in Section 2(c) of these Conditions and Stipulations;

(iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by the policy; provided, however, that this Section 7(a)(iii) shall not apply when the defect, lien, encumbrance or other matter insured against by this policy results in a total failure of the lien of the insured mortgage to attach to the insured estate or interest.

NOTE: Paragraph 7.(a)(ii) remains unchanged.

Paragraph 8.(d) reading:

(d) The Company shall not be liable for: (i) any indebtedness create subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date if Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

is hereby deleted and the following is substituted therefor:

(d) The Company shall not be liable for: (i) any indebtedness created subsequent to Date of Policy except for advances covered under insuring provision 24 and those made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of Policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

Paragraphs 9.(b) and 9.(c) reading:

(b) Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protect the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A.

(c) Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations.

are hereby deleted and the following are substituted therefor:

(b) Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made pursuant to the terms of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than one hundred twenty-five percent (125%) of the Amount of Insurance stated in Schedule A.

(c) Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) and Section 9(b) of these Conditions and Stipulations.

SCHEDULE A IS AMENDED AS FOLLOWS:

The following paragraph is hereby added to Schedule A:

6. The street address of the land is <u>2 Johnsborough Court - Unit #52, Reisterstown, Maryland 21136</u>.

CONVERSION ENDORSEMENT EN-192 (8/99)

# ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT
Attached to and forming a part of
Loan Policy No.

Issued By
## AMERICAN PIONEER
## TITLE INSURANCE COMPANY

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company hereby insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a) any environmental protection lien which, at Date of Policy, is recorded in those records established under the state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

(b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

NONE

This endorsement is made a part of the policy and is subject to all terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

AMERICAN PIONEER TITLE
INSURANCE COMPANY

Dated:
Issued By:

June 16, 2004
Accurate Settlement Services, Inc. (AS)
100 Painters Mill Road, Suite 2220
Owings Mills, Maryland 21117

Authorized Signatory

NOTE: This endorsement shall not be valid or binding until signed by an authorized signatory.
ALTA Endorsement Form 8.1 (Environmental Protection Lien)