```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

PATRICIA MITCHELL-TRACEY,    \*
*et al.*,
                             \*
    Plaintiffs,
                             \*

                             \*
    v.                   CIVIL NO.: WDQ-05-1428
                             \*

UNITED GENERAL TITLE         \*
INSURANCE CO. and FIRST
AMERICAN TITLE INSURANCE     \*
CO.,
                             \*
    Defendants.
                             \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Patricia Mitchell-Tracey, on behalf of herself and others, sued United General Title Insurance Co. and First American Title Insurance Co. in the Circuit Court for Baltimore County for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607. The Defendants removed to this Court. For the following reasons, the Plaintiffs' motion for reconsideration of the denial of leave to amend their complaint will be denied, and the Defendants' motions for judgment on the pleadings and to decertify the class will be granted.

I. Background

This class action alleges that the Defendant title insurers and their agents overcharged the Plaintiffs when they refinanced their homes. *Id*. ¶ 3. The Plaintiffs allege that the Defendants deviated from rates approved by the Maryland Insurance Administration ("MIA") by charging an "original issue rate" rather than the discounted "reissue rate."[1] *Id*.

On April 14, 2005, Mitchell-Tracey filed a class action complaint in the Circuit Court for Baltimore County for alleged violations of RESPA, money had and received, negligent misrepresentation, and civil conspiracy. Paper No. 2. The Defendants removed to this Court on May 24, 2005 under 28 U.S.C. §§ 1332 and 1453. Paper No. 1. On July 19, 2005, Mitchell-Tracey amended her complaint to add Milton Brown, Francine Byrd-Brown, and Helen Klatsky as named plaintiffs. Paper No. 41. On September 25, 2006, then-U.S. District Judge Andre M. Davis

---

[1] The Maryland Insurance Code requires that a title insurer (1) "file with the Commissioner all rates or premiums . . . that it proposes to use" and (2) "hold to the rates or premiums as approved by the Commissioner." Md. Code Ann., Ins. §§ 11-403, 11-407; *see also* § 27-216(b)(1) ("A person may not willfully collect a premium or charge for insurance that . . . exceeds . . . [the] rates as filed with and approved by the Commissioner.")

The Plaintiffs allege that under the rate schedules the Defendants filed with the Commissioner, persons buying title insurance for a mortgage refinancing were entitled to a discounted rate (the "reissue rate") if they had purchased title insurance for the same mortgage within the previous 10 years. Am. Compl. ¶¶ 3-4.

granted summary judgment for the Defendants on the RESPA claim. Paper No. 91. The next day Judge Davis granted class certification for:

> All persons or entities in Maryland who within 10 years of having previously purchased title insurance in connection with their mortgage or fee interest, refinanced the identical mortgage or fee interest, and were charged a title insurance premium by [one of the Defendants] that exceeded the applicable premium discount or "reissue rate" for title insurance on file with the Maryland Insurance Administration that such persons are entities should have been charged.

Paper No. 93.

On July 18, 2009, the Fourth Circuit decided *Arthur v. Ticor Title Insurance Company*, 569 F.3d 154 (4th Cir. 2009), a nearly identical case brought by Plaintiffs' counsel, in which the plaintiffs also alleged that a title insurer had charged them higher rates than it had filed with the MIA. The Fourth Circuit affirmed the district court's Rule 12(b)(6) dismissal of the *Arthur* plaintiffs' claims for failure to exhaust administrative remedies under the Maryland Insurance Code. The court explained that:

> [u]nder Maryland law, when the statutory text creating an administrative remedy is not dispositive [about whether exhaustion is required], there is "a presumption that the administrative remedy is intended to be primary, and that a claimant cannot maintain the alternative judicial action without first invoking and exhausting the administrative remedy."

*Arthur v. Ticor Title Ins. Co.*, 569 F.3d 154, 161 (4th Cir. 2009) (*quoting Zappone v. Liberty Life Ins. Co.*, 349 Md. 45, 706 A.2d 1060, 1069 (1998)). "Moreover, whe[n] a judicial remedy is 'wholly or partially dependent upon the statutory scheme which also contains the administrative remedy, or upon the expertise of the administrative agency,' Maryland courts have 'usually held' that exhaustion is required." *Id*. (*quoting Zappone*, 706 A.2d at 1070).

The Fourth Circuit held that the plaintiffs' claim for money had and received was "dependent" on the Maryland Insurance Code because it would succeed "only if [the] plaintiffs [could] show that [the insurer] violated the Code" by charging higher rates than those on file with the MIA. *Id*. "If the Insurance Code did not require [the insurer] to adhere to its filed rates, plaintiffs would have no right to recover from [it] for charging an excessive fee." *Id*. Further, the plaintiffs' claim implicated the Maryland Insurance Commissioner's expertise; as the court explained, the Commissioner was in a better position than a federal court to determine, *inter alia*, whether the insurer actually violated the Code and, if so, what remedy would be

proper. *Id*. Thus, the plaintiffs' claim had been properly dismissed. *Id*.[2]

On October 28, 2009, the Plaintiffs moved to file a second amended complaint to add claims for (1) negligence, (2) breach of contract, and (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Paper No. 138. On February 26, 2010, the Court denied the motion as futile, holding that because the proposed claims were dependent on the Maryland Insurance Code and the Plaintiffs had not exhausted administrative remedies, *Arthur* would require their dismissal. Paper Nos. 141, 142.

On March 5, 2010, the Plaintiffs moved for reconsideration of the February 26, 2010 Order. Paper No. 143. That day, the Defendants moved for judgment on the pleadings and to decertify the class. Paper No. 144.

II. Analysis

    A. The Plaintiffs' Motion for Reconsideration

Motions for reconsideration of an interlocutory order are governed by Rule 54(b),[3] under which "any order or other decision

---

[2] *Arthur* also affirmed the dismissal of the negligent misrepresentation claim on the ground that the complaint did not allege a false statement. *See Arthur*, 569 F.3d at 162 n.3. The *Arthur* plaintiffs did not appeal the dismissal of their civil conspiracy claim, which the district court dismissed because civil conspiracy is not a separate cause of action under Maryland law. *See Arthur v. Ticor Title Ins. Co. of Fla.*, 2008 U.S. Dist. LEXIS 23485, at *21-22 (D. Md. Mar. 11, 2008).

. . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, when warranted, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003).[4]

Although Rule 60(b) applies only to final judgments, a court may consider the reasons in that rule when deciding whether to grant relief under Rule 54(b). *See Mateti*, 2009 U.S. Dist. LEXIS 99869 at *9-10. When a request for reconsideration merely asks the court to "change its mind," relief is not authorized. *Pritchard v. Wal-Mart Stores, Inc.*, 3 Fed. Appx. 52, 53 (4th Cir. 2001). Similarly, a party cannot get reconsideration on the basis of case law or evidence available at the

---

[3] *See Mateti v. Activus Fin., LLC*, 2009 U.S. Dist. LEXIS 99869, *9-10 (D. Md. Oct. 27, 2009).

[4] *See also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe*, 326 F.3d at 514 (*citing* 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.04[3] (3d ed.) ("Rule 60(b) does not govern relief from interlocutory orders . . . .")).

time of the court's order. *Mateti*, 2009 U.S. Dist. LEXIS 99869, at *12.

The Plaintiffs have merely re-argued matters that were considered by this Court here and by Judge Davis and the Fourth Circuit in *Arthur*. They contend that *Arthur* should be "distinguished" because it failed to consider *Mardirossian v. Paul Revere Life Ins. Co.*, 286 F.3d 733 (4th Cir. 2002) ("*Mardirossian I*") and *Mardirossian v. Paul Revere Life Ins. Co.*, 376 Md. 640, 831 A.2d 60 (Md. 2003) ("*Mardirossian II*"), which, they argue, hold that claims based on Title 27 of the Maryland Insurance Code do not require exhaustion of administrative remedies. This argument asks the Court to ignore *Arthur*, which unlike the *Mardirossian* decisions, is controlling. Further, the Plaintiffs argued the *Mardirossian* cases in their reply in support of their motion for leave to amend. *See* Paper No. 140 at 4-5.[5] *Mardirossian* does not control; *Arthur* does.[6]

---

[5] The *Arthur* plaintiffs also raised the *Mardirossian* argument in the Fourth Circuit. *See* Appellant's Opening Brief at 10-14, *Arthur v. Ticor Title Ins. Co. of Fla.*, 2008 WL 4656637 (4th Cir. Sept. 30, 2008); Appellant's Reply Brief at 1-3, 2008 WL 4948161 (4th Cir. Nov. 20, 2008).

[6] In *Mardirossian*, the Fourth Circuit certified the following question to the Maryland Court of Appeals:

> Does Maryland law provide a judicial cause of action, entirely independent of the Maryland Insurance Code, for a claim to compel

The Plaintiffs also ask the Court to change its holding that their proposed claims depend on the Insurance Code. They cite no authority that was unavailable at the time of the Court's Order, but merely ask the Court to "change its mind."[7] This is not a basis for reconsideration.

Finally, the Plaintiffs ask the Court to certify the question whether they are required to exhaust administrative remedies before pursuing their proposed claims to the Maryland Court of Appeals.[8] As the Defendant's note, the Fourth Circuit

---

        specific performance of an oral contract for
        disability insurance?

*Mardirossian I*, 286 F.3d at 736. In *Mardirossian II*, the Maryland Court of Appeals answered this question "yes." *See Mardirossian II*, 376 Md. 640, 831 A.2d 60, 61 (Md. 2003). In *Mardirossian*, the plaintiff's entitlement to relief did not depend on the Insurance Code or implicate the expertise of the Commissioner; it was a traditional contract claim. Here, as in *Arthur*, the Plaintiffs would be entitled to relief only if they could prove a violation of the Insurance Code.

[7] The only new authority on whether the Plaintiffs' claims are independent of the Maryland Insurance Code is the recent opinion of Judge Catherine C. Blake of this Court in a similar case brought by Plaintiffs' counsel. *See Woods v. Stewart Guaranty Co.*, 2010 U.S. Dist. LEXIS 18977 (Mar. 3, 2010). Judge Blake held that the plaintiffs' proposed claims would be futile because they "depend[ed] on the Maryland Insurance Code in the same way that the plaintiffs' claims in *Arthur* did." *Id*. at *5. The same claims are proposed by the Plaintiffs in this case.

[8] The Plaintiffs seek certification of the following question:

        Does the Maryland Insurance Code require an exhaustion
        of administrative remedies before pursuing a judicial
        claim for relief under common law contract and/or

denied the *Arthur* plaintiffs' request to certify a similar question. *See* Appellants' Mot. to Certify, No. 08-1727 (Paper No. 12-1, ); Fourth Circuit Order Denying Mot., (Paper No. 21, Sept. 11, 2008). As the Plaintiffs provide no reason why this Court should reach a different result, the proposed question will not be certified.

As the Plaintiffs have provided no basis for reconsideration of the Order denying leave to amend, their motion will be denied.

B.   Defendants' Motion for Judgment on the Pleadings

The Defendants have moved for judgment on the pleadings and to decertify the class. They argue that *Arthur* requires dismissal of the Plaintiffs' remaining claims for money had and received, negligent misrepresentation and civil conspiracy.

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The plead-

---

> negligence principles to recover title insurance premiums charged by title insurers that are in excess of the premium rates approved by the Insurance Commissioner where Title 27 of the Insurance Code explicitly enumerates as an Unfair and Deceptive Trade Practice the collections of "a premium or charge for insurance that (i) exceeds or is less than the premium or charge applicable to that insurance under the applicable classifications and rates as filed with and approved by the Commissioner"?

Mot. for Reconsideration 9-10.

ings close when the defendant files its answer and no responsive pleading is necessary. *See Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). Under Rule 12(h)(2), a party may raise the defense of failure to state a claim upon which relief can be granted by a motion for judgment on the pleadings. *Id*. When a motion for failure to state a claim is raised under Rule 12(c), the Rule 12(b)(6) standard applies. *Id*. at 406. Granting judgment on the pleadings to the defendant is appropriate when the plaintiff has failed to exhaust administrative remedies. *See, e.g.*, *Moore v. Bennette*, 517 F.3d 717, 729-30 (4th Cir. 2008).

The Plaintiffs attempt to distinguish *Arthur* on the ground that no MIA complaint had been filed in that case.[9] They argue that because they filed a complaint with the MIA on November 25, 2009, this case should be stayed pending the outcome of the administrative proceeding rather than dismissed. Judge Blake recently addressed the same argument in *Woods v. Stewart Guaranty Co.*, 2010 U.S. Dist. LEXIS 18977 (D. Md. Mar. 3, 2010):

---

[9] *Arthur* affirmed the dismissal of the negligent misrepresenttation claim because the complaint did not allege a false statement. *See Arthur*, 569 F.3d at 162 n.3. The *Arthur* plaintiffs did not appeal the dismissal of their civil conspiracy claim, which the district court dismissed because civil conspiracy is not a separate cause of action under Maryland law. *See Arthur v. Ticor Title Ins. Co. of Fla.*, 2008 U.S. Dist. LEXIS 23485, at *21-22 (D. Md. Mar. 11, 2008). The Plaintiffs' claims here are dismissible on the same grounds.

> Following *Arthur*, it is preferable to dismiss and
> allow Ms. Woods's administrative proceeding to
> make determinations that may affect later
> judicial proceedings . . . . Ms. Woods has not
> met the requirements of exhaustion simply by
> filing a complaint with the MIA three years after
> filing the present lawsuit.

*Woods*, 2010 U.S. Dist. LEXIS 18977, *7-8. It is similarly appropriate to dismiss these claims to allow the MIA to determine whether the Insurance Code has been violated and the remedy, if any, to which the Plaintiffs are entitled. Accordingly, the Defendants' motion for judgment on the pleadings will be granted.

C. Defendants' Motion to Decertify the Class

The Defendants contend that *Arthur* also requires decertification of the class. "An order that grants or denies certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). A federal district court possesses broad discretion in determining whether to modify or decertify a class. *Wu v. MAMSI Life & Health Ins. Co.*, 256 F.R.D. 158, 162 (*citing General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982)). The court "has an affirmative obligation to ensure that the class membership remains at all times consistent with the underlying facts and procedural posture of the case." *Id*. at 162-63.

11

In *Woods*, Judge Blake held that "the certification order issued by this court prior to the decision in *Arthur* is no longer appropriate now that it has become clear that Ms. Woods's claim is not properly before this court." *Woods*, 2010 U.S. Dist. LEXIS 18977, at *9. The Plaintiffs concede that this case is indistinguishable from *Woods*; they merely ask the Court to differ with Judge Blake. Like the plaintiffs in *Arthur* and *Woods*, these Plaintiffs are not properly before the Court because they have failed to exhaust administrative remedies. Accordingly, the Defendants' motion for decertification will be granted.[10]

III. Conclusion

For the reasons stated above, the Plaintiffs' motion for reconsideration will be denied, and the Defendants' motions for judgment on the pleadings and for decertification will be granted.

May 5, 2010             /s/
Date             William D. Quarles, Jr.
           United States District Judge

---

[10] The Defendants also requested that the Court's September 26, 2006 Memorandum Opinion and Order certifying the class be vacated and withdrawn. The Defendants have not cited--and the Court has not found--authority requiring vacatur and withdrawal of a certification order when the class is later decertified. The request will be denied.