IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| PATRICIA MITCHELL-TRACEY, *et al.* | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL NO.: WDQ-05-1428 |
| | * | |
| UNITED GENERAL TITLE INSURANCE CO. and FIRST AMERICAN TITLE INSURANCE CO., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Patricia Mitchell-Tracey, for herself and others, sued United General Title Insurance Company and First American Title Insurance Company ("the Defendants") for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, and other state laws. For the following reasons, Mitchell-Tracey's motion for reconsideration will be denied, and the Defendants' motions for leave to file a surreply and supplemental authority will be denied as moot.

I.   Background[1]

On April 14, 2005, Mitchell-Tracey filed a class action complaint in the Circuit Court for Baltimore County for alleged violations of RESPA, money had and received, negligent misrepresentation, and civil conspiracy.  Amend. Compl.  She alleged that the Defendants overcharged her when she refinanced her home because they deviated from rates approved by the Maryland Insurance Administration and charged an "original issue rate" rather than a discounted "reissue rate."   *Id.* ¶ 3.

The Defendants removed to this Court on May 24, 2005.  ECF No. 1.  On July 19, 2005, Mitchell-Tracey amended her complaint to add Milton Brown, Francine Byrd-Brown, and Helen Klatsky as named plaintiffs ("the Plaintiffs").  ECF No. 41.  On September 25, 2006, then U.S. District Judge Andre Davis granted summary judgment for the Defendants on the RESPA claim, and certified a class for the remaining claims.  ECF Nos. 91 & 93.[2]

---

[1] The facts are those well pled allegations in the Amended Complaint. ECF No. 41.

[2]   The class included:

> All persons or entities in Maryland who within 10 years of having previously purchased title insurance in connection with their mortgage or fee interests, refinanced the identical mortgage or fee interest, and were charged a title insurance premium by [one of the Defendants] that exceeded the applicable premium discount or "reissue rate" for title insurance on file

On May 5, 2010, this Court granted the Defendants' motions for judgment on the pleadings and to decertify the class. ECF No. 151. On May 19, 2010, the Plaintiffs filed their motion for reconsideration. ECF No. 155.

II. Analysis

    A.   Standard of Review

A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines,* 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley,* 988 F.2d 1, 2-3 (4th Cir. 1992). Because the Plaintiffs' motion was filed within 28 days of the judgment, it will be analyzed under Rule 59(e).

A court may amend a judgment under Rule 59(e) to: (1) accommodate an intervening change in controlling law, (2) account for new evidence not available at trial, or (3) correct a clear error of law or prevent manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.,* 305 F.3d 284, 290 (4th Cir. 2002)(*citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,*

---

    with the Maryland Insurance Administration that such persons or entities should have been charged.

ECF No. 93.

148 F.3d 396, 403 (4th Cir. 1998)). Rule 59(e) may not be used to reargue points that could have been made before judgment was entered. *Hill v. Braxton,* 277 F.3d 701, 708 (4th Cir. 2002).

Mere disagreement with the court's decision will not result in granting a Rule 59(e) motion. *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993). "Whe[n] a motion does not raise new arguments, but merely urges the court to change its mind, relief is not authorized." *Medlock v. Rumsfeld,* 336 F. Supp. 2d 452, 470 (D. Md. 2002)(internal quotation marks omitted).

B. The Plaintiffs' Motion for Reconsideration

The Plaintiffs moved for reconsideration of the Court's order granting the Defendants' motions for judgment on the pleadings and to decertify the class. Pls.' Mot. for Reconsideration 1.

1. Judgment on the Pleadings

After the pleadings are closed, a party may move for judgment on the pleadings under Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when the plaintiff has failed to exhaust administrative remedies. *See, e.g., Moore v. Bennette,* 517 F.3d 717, 729-30 (4th Cir. 2008). In granting judgment on the pleadings, this Court held that: (1) the Plaintiffs were required to exhaust their administrative remedies before the Maryland Insurance Administration ("MIA"), before seeking

4

judicial relief,[3] and (2) it was appropriate to dismiss the Plaintiffs' claims rather than stay the case pending exhaustion.[4] Mem. Op. 10-11. The Plaintiffs argue that reconsideration is warranted to (1) account for new evidence, and (2) correct a clear error of law. Pls.' Mot for Reconsideration 1; Pls.' Reply 1-2.

                a.   New Evidence

On May 11, 2010, the MIA issued a determination that the Defendants had failed to charge some Plaintiffs the correct insurance rates. Pls.' Mot. for Reconsideration, Ex. A. The Plaintiffs contend they have now "exhausted the administrative remedies required . . . thereby conferring jurisdiction on this Court." Pls.' Mot. for Reconsideration 4. They contend that the MIA determination is "new evidence not previously available." *Id.* 5. The Defendants argue that the MIA determination is not new evidence. Defs.' Opp'n 2.

Events occurring after judgment are not considered "new evidence" for the purposes of altering or amending the judgment. *See Lowe v. Mercedes Benz of N. Am., Inc.,* 1996 U.S. App. LEXIS

---

[3] *See Arthur v. Ticor Title Ins. Co.,* 569 F.3d 154, 161-62 (4th Cir. 2009)(administrative exhaustion required for claims dependent on the Maryland Insurance Code).

[4] *See Woods v. Stewart Guaranty Co.,* 2010 U.S. Dist. LEXIS 18977, at * 8 (D. Md. Mar. 3, 2010)(dismissing similar claims for failure to exhaust administrative remedies).

31215, at * 8 (4th Cir. 1996)(*citing* C. Wright & A. Miller, *Federal Practice and Procedure* § 2859 (2d ed. 1995)). Thus, proof of exhaustion *after* the Plaintiffs' case was dismissed is not a basis for reconsideration. *C.f. Woods v. Stewart Title Guar. Co.,* 2010 WL 3395655, at * 2 (D. Md. Aug. 26, 2010)(MIA decision made after court dismissed case was not new evidence allowing reconsideration under Rule 60(b)). The Plaintiffs' motion for reconsideration will not be granted on the basis of new evidence.

      b.    Clear Error of Law

The Plaintiffs also argue that reconsideration is warranted because judgment on the pleadings violated the Supreme Court's decision in *Shady Grove Orthopedic Association, PA v. Allstate Insurance Company,* --- U.S. ---, 130 S. Ct. 1431 (2010).[5] Pls.'

---

[5] Although *Shady Grove* was decided before this Court granted judgment on the pleadings, the Plaintiffs raised this issue first in their motion for reconsideration. *See Pac. Ins. Co. v. Am. Nat'l Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998)(Rule 59(e) motions may not raise arguments or "novel legal theor[ies]" which could have been raised before issuance of the judgment). In *Shady Grove*, the Supreme Court considered the effect of a New York statute, which "preclude[d] a federal district court sitting in diversity from entertaining a class action [under Fed. R. Civ. P. 23]," if the suit sought penalties or statutory minimum damages. 130 S. Ct. at 1436. The Court held that the New York statute conflicted with Rule 23, because the statute "preclude[d] a plaintiff from 'maintain[ing]' a class action seeking statutory penalties" and "[u]nlike a law that sets a ceiling on damages, [it] prevent[ed] the class action it cover[ed] from coming into existence at all." *Id.* at 1439 (*quoting* Fed. R. Civ. P. 23(b)). In a 5-4 split, the Court held that Rule 23 preempted the New

Reply 1-2. The Defendants contend that this Court correctly relied on *Arthur v. Ticor Title Insurance Company*, 569 F.3d 154, 161-62 (4th Cir. 2009). Defs.' Opp'n 1.

In *Arthur*, the Fourth Circuit held that when a plaintiff's claim is "dependent" on the Maryland Insurance Code, Maryland administrative remedies must be exhausted before the plaintiff seeks federal judicial relief.[6] 569 F.3d at 161-62. The Fourth Circuit reasoned that "requiring administrative exhaustion [would] protect the [Maryland Insurance] Commissioner's role under the Insurance Code in exercising his expertise and carrying out his remedial power." *Id.*

The Plaintiffs argue that *Shady Grove* overruled *Arthur.* Unlike the New York statute, the requirement of administrative exhaustion does not "prevent the class action it covers from coming into existence at all." *Shady Grove,* 130 S. Ct. at 1439. This Court shares U.S. District Judge Catherine Blake's belief that "*Shady Grove* did not specifically address the issue of

---

York law. There was no majority reasoning on why the conflict was resolved in Rule 23's favor. *Compare id.* at 1442-44 (Scalia, J., plurality)(conflict resolved in favor of Rule 23 because Rule 23 is authorized under the Rules Enabling Act, 28) *with id.* at 1459 (Stevens, J., concurring)(Rule 23 governs because "certifying a class in this diversity case would [not] abridge, enlarge or modify New York's substantive rights or remedies.") (internal citations omitted).

[6] A claim is "dependent" on the Insurance Code when it would "succeed only if [the] plaintiff[] show[s] that [the insurer] violated the Code." *Arthur,* 569 F.3d at 161.

administrative exhaustion, and did not clearly abrogate *Arthur* such that this Court could decline to follow the Fourth Circuit's ruling." *Woods,* 2010 WL 3395655, at *2.

The Court will not vacate the judgment on the pleadings. Reconsideration of class decertification will not be granted.[7] The Plaintiffs' motion for reconsideration will be denied.

III. Conclusion

For the reasons stated above, the Plaintiffs' motion for reconsideration will be denied. The Defendants' motions for leave to file a surreply and supplemental authority will be denied as moot.

November 16, 2010                      _____/s/_____
Date                                        William D. Quarles, Jr.
                                                       United States District Judge

---

[7] The Plaintiffs' argument that this Court should have stayed the proceedings, rather than dismissing the claims is merely restating their disagreement with the Court's earlier decision. *Hutchinson,* 994 F.2d at 1082. "Merely urg[ing] the court to change its mind" is not a basis for relief under Rule 59(e). *Medlock,* 336 F. Supp. 2d at 470.