IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PATRICIA MITCHELL-TRACEY,     *
et al.,
                                     *
    Plaintiffs,
                                     *

                                     *
         v.                     CIVIL NO.: WDQ-05-1428
                                     *

UNITED GENERAL TITLE       *
INSURANCE CO. and FIRST
AMERICAN TITLE INSURANCE   *
CO.,
                                     *
    Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Patricia Mitchell-Tracey, on behalf of herself and others (collectively "the Plaintiffs"), sued United General Title Insurance Co. and First American Title Insurance Co. (collectively "the Defendants") in the Circuit Court for Baltimore County for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607. The Defendants removed to this Court. For the following reasons, the Plaintiffs' motion to review the Clerk of Court's amended order taxing costs will be granted. The order will be vacated.

I.    Background

This action alleged that the Defendant title insurers and their agents overcharged the Plaintiffs, when they refinanced their homes, deviating from rates approved by the Maryland

Insurance Administration ("MIA") by charging an "original issue rate" rather than the discounted "reissue rate."[1]  ECF No. 41 ¶3.

On April 14, 2005, Mitchell-Tracey filed a class action complaint in the Circuit Court for Baltimore County for alleged violations of RESPA, money had and received, negligent misrepresentation, and civil conspiracy.  ECF No. 2.  The Defendants removed to this Court on May 24, 2005.  ECF No. 1.  On July 19, 2005, Mitchell-Tracey amended her complaint to add three named Plaintiffs.[2]  ECF No. 41.  On September 25, 2006, then-U.S. District Judge Andre M. Davis granted summary judgment for the Defendants on the RESPA claim.  ECF No. 91.  The next day Judge Davis granted class certification for:

> All persons or entities in Maryland who within 10 years of having previously purchased title insurance in connection with their mortgage or fee interest, refinanced the identical mortgage or fee interest, and were charged a title insurance premium by [one of the

---

[1] The Maryland Insurance Code requires that a title insurer (1) "file with the Commissioner all rates or premiums . . . that it proposes to use" and (2) "hold to the rates or premiums as approved by the Commissioner."  Md. Code, Ins. §§ 11-403, 11-407; see also § 27-216(b)(1) ("A person may not willfully collect a premium or charge for insurance that . . . exceeds . . . [the] rates as filed with and approved by the Commissioner.").

The Plaintiffs alleged that under the rate schedules the Defendants filed with the Commissioner, persons buying title insurance for a mortgage refinancing were entitled to a discounted rate (the "reissue rate") if they had purchased title insurance for the same mortgage within the previous 10 years. ECF No. 41 ¶¶ 3-4.

[2] Milton Brown, Francine Byrd-Brown, and Helen Klatsky.  ECF No. 41.

> Defendants] that exceeded the applicable premium discount or "reissue rate" for title insurance on file with the Maryland Insurance Administration that such persons or entities should have been charged.

ECF No. 93.

On October 28, 2009, the Plaintiffs moved to file a second amended complaint to add claims for (1) negligence, (2) breach of contract, and (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). ECF No. 138. On February 26, 2010, the Court denied the motion as futile, holding that because the proposed claims were dependent on the Maryland Insurance Code, and the Plaintiffs had not exhausted administrative remedies, *Arthur v. Ticor Title Insurance Company*, 569 F.3d 154 (4th Cir. 2009), decided on July 18, 2009, would require their dismissal.[3] ECF Nos. 141, 142.

---

[3] *Arthur* was a nearly identical case brought by Plaintiffs' counsel, in which the plaintiffs also alleged that a title insurer had charged them higher rates than it had filed with the MIA. The Fourth Circuit affirmed the district court's Rule 12(b)(6) dismissal of the *Arthur* plaintiffs' claims for failure to exhaust administrative remedies under the Maryland Insurance Code. The court explained that:

> [u]nder Maryland law, when the statutory text creating an administrative remedy is not dispositive [about whether exhaustion is required], there is "a presumption that the administrative remedy is intended to be primary, and that a claimant cannot maintain the alternative judicial action without first invoking and exhausting the administrative remedy."

*Arthur v. Ticor Title Ins. Co.*, 569 F.3d 154, 161 (4th Cir. 2009) (quoting *Zappone v. Liberty Life Ins. Co.*, 349 Md. 45, 706 A.2d 1060, 1069 (1998)). "Moreover, whe[n] a judicial remedy is

On March 5, 2010, the Plaintiffs moved for reconsideration of the February 26, 2010 oder. ECF No. 143. That day, the Defendants moved for judgment on the pleadings and to decertify the class. ECF No. 144. On May 5, 2010, the Court denied the Plaintiffs' motion for reconsideration and granted the Defendants' motion for judgment and to decertify the class. ECF No. 152. The Court held that the Plaintiffs had failed to state a claim because they had not exhausted administrative remedies, and "allow[ed] the MIA to determine whether the Insurance Code has been violated and the remedy, if any, to which the

---

'wholly or partially dependent upon the statutory scheme which also contains the administrative remedy, or upon the expertise of the administrative agency,' Maryland courts have 'usually held' that exhaustion is required." *Id.* (*quoting Zappone*, 706 A.2d at 1070).

The Fourth Circuit held that the plaintiffs' claim for money had and received was "dependent" on the Maryland Insurance Code because it would succeed "only if [the] plaintiffs [could] show that [the insurer] violated the Code" by charging higher rates than those on file with the MIA. *Id.* "If the Insurance Code did not require [the insurer] to adhere to its filed rates, plaintiffs would have no right to recover from [it] for charging an excessive fee." *Id.* Further, the plaintiffs' claim implicated the Maryland Insurance Commissioner's expertise; as the court explained, the Commissioner was in a better position than a federal court to determine, *inter alia*, whether the insurer had violated the Code and, if so, the proper remedy. *Id.* Thus, the plaintiffs' claim had been properly dismissed. *Id.*

*Arthur* also affirmed the dismissal of the negligent misrepresentation claim on the ground that the complaint did not allege a false statement. *See Arthur*, 569 F.3d at 162 n.3. The *Arthur* plaintiffs did not appeal the dismissal of their civil conspiracy claim, which the district court dismissed because civil conspiracy is not a separate cause of action under Maryland law. *See Arthur v. Ticor Title Ins. Co. of Fla.*, No. 07-1737-AMD, 2008 WL 7854915, *6-7 (D. Md. Mar. 11, 2008).

Plaintiffs are entitled." ECF No. 151 at 11. Because the Plaintiffs were not properly before the Court, the Court decertified the class. *Id.* at 12.

The Plaintiffs sought administrative relief from the MIA. On May 11, 2010, the MIA determined that the Defendants had violated the Insurance Code by providing an excessive reissue rate to three of the Plaintiffs.[4] ECF No. 155 Attach. 1 at 1. The MIA awarded those Plaintiffs $166.26 to $322.50 in overcharges. *Id.* at 4-7.

On May 18, 2010, the Defendants filed a bill of costs. ECF No. 153. On May 19, 2010, the Plaintiffs moved for reconsideration of the Court's order granting judgment for the Defendants and decertifying the class. ECF No. 155. On May 25, 2010, the Plaintiffs opposed the bill of costs. ECF No. 156.

On November 17, 2010, the Court denied the motion for reconsideration, concluding that the MIA decision was not new evidence because it arose after judgment. ECF No. 168; ECF No. 167 at 6. The Plaintiffs appealed the Court's November order. ECF No. 169.

---

[4] The MIA found no violation in Byrd-Brown's case. ECF No. 155 Attach. 1 at 2. It found that the Defendants violated another homeowner's rights, Larry Austin. *Id.* at 6-7. Austin is not a plaintiff in this action. ECF No. 41 ¶¶7-9.

On July 25, 2011, the Clerk of the Court taxed costs of $3,282.85 in favor of the Defendants, against the Plaintiffs. ECF No. 172.[5]

On August 2, 2011, the Fourth Circuit affirmed the Court's November order, concluding that, on the facts alleged, "*Arthur* mandates dismissal to allow the MI[A]to assess, in the first instance, 'whether the Insurance Code has been violated and the remedy, if any, to which the Plaintiffs are entitled.'" ECF No. 173 at 8 (*quoting* ECF No. 151 at 11).

On August 3, 2011, nine days after the Clerk ordered costs for the Defendants, the Defendants moved for reconsideration of that order, requesting reimbursement for copy costs that were "necessarily incurred in this action." ECF No. 174 at 2. The Plaintiffs did not oppose the motion for reconsideration. ECF No. 176 at 1.

On September 2, 2011, the Clerk filed an amended order taxing costs of $6,596.35: the copy costs and the costs from the original order. ECF No. 176. The docket entry stated: "Motion to Review due by 9/12/2011." Docket entry No. 176. On September 12, 2011, the Plaintiffs moved for review of the Clerk's amended order. ECF No. 177. The Defendants opposed the motion. ECF No. 178.

---

[5] The Defendants had sought $8,548.85. The Clerk denied copying costs because the Defendants had not properly documented those costs. ECF No. 172 at 1-3.

II.  Discussion

  A.  Standard of Review

Under Fed. R. Civ. P. 54(d)(1), the prevailing party in an action may recover costs other than attorney fees, and the Clerk of the Court taxes costs against the losing party on the prevailing party's motion.  On motion, the Court may review the Clerk's order taxing fees.  *Id.*  The Court reviews *de novo* the order taxing fees.  *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233-34 (1964); *Foxx v. Town of Fletcher*, No. 07-cv-0336, 2009 WL 971680, *2 (W.D.N.C. Apr. 9, 2009).

  B.  Waiver and Timeliness of Review

The Defendants contend that the Plaintiffs waived their right to review of the Clerk's amended order by failing to seek review of the original order and failing to oppose the motion for reconsideration, and moved for review after the deadline passed.  ECF No. 178 at 3-5.

    1.  Failure to Seek Review of Clerk's First Order

Failure to timely move for the Court's review of a Clerk's order taxing costs results in waiver of the right of review of that order.  *Bailey v. Mid Atl. Isotopes/Geodax*, 66 F. App'x 485, 486 (4th Cir. 2003) (citing *Gary v. Spires*, 634 F.2d 772, 773 (4th Cir. 1980)).  A party must move for review within seven

days after the Clerk taxes costs.[6]  Fed. R. Civ. P. 54(d).
However, the limitations period is not jurisdictional, and the
Court may consider untimely objections.  *In re Paoli R.R. Yard
PCB Litigation*, 221 F.3d 449, 459 (3rd Cir. 2000).

The Defendants moved for reconsideration two days after the
time for requesting review of the final order had run.  ECF No.
174.  Although the time had run, the Court could have, in its
discretion, entertained a motion to review the Clerk's order
then, but after the motion for reconsideration was filed, it
would have made little sense for the Court to review the
original order.

Further, the Defendants have cited--and the Court has
found--no authority for waiver of a party's right to seek review

---

[6] The parties dispute whether Rule 6(d) applies to a Rule 54(d) motion.  See ECF No. 179 at 5 n.3.  Under Rule 54(d), "When a party may or must act within a specified time after service . . . . 3 days are added after the period would otherwise expire."  Under Rule 54(d), a complaining party must act "within the next 7 days" after the Clerk taxes costs, not after service of the Clerk's order.  Accordingly, Rule 6(d) does not apply to the time limit in Rule 54(d).  Cf. *Dixon v. Digital Equip. Corp.*, 976 F.2d 725 (table), 1992 WL 245867, at *1 (4th Cir. 1992) (Rule 6(d) applies when "service of notice commences the limitations period," not when it runs from receipt of a document); see also *Hillside Prods., Inc. v. County of Macomb*, 448 F. App'x 592, 593 (6th Cir. 2012) (Rule 6(d) does not apply to Rule 54(d) motions); *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994) (same); *Mattson v. Brown Univ.*, 925 F.2d 529, 532 (1st Cir. 1991) (same); *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 459 (3rd Cir. 2000) (Rule 54(d)(1) "renders determinative the point at which the Clerk acts to tax costs," not when the parties receive notice of the order).

of an amended order because she had not sought review of the original order. Accordingly, the Court will not find waiver.

2. Failure to Oppose Reconsideration of First Order

Similarly, the Defendants have not cited--and the Court has not found--any authority for a waiver if a party--that has opposed taxation of costs--fails to object to her opponent's motion for reconsideration of the Clerk's order. *See* ECF No. 178 at 4. The Court will not infer waiver from that inaction.

3. Timeliness of the Motion for Review

The Plaintiffs filed their motion for review ten days after the Clerk filed her amended order taxing costs. ECF Nos. 176, 177. The Court may, for good cause, *sua sponte* extend the time for filing. Fed. R. Civ. P. 6(b)(1). Because the docket entry set the deadline of September 12, 2011, for moving for review of the Clerk's amended order, and the Plaintiffs filed their motion by that date, the filing was timely. ECF Nos. 176, 177.

C. Prevailing Party

The Plaintiffs contend that they prevailed in the action, and the Defendants did not. ECF No. 177 Attach. 1 at 5; ECF No. 179 at 5. The legal standards for prevailing party status under Rule 54(d) are identical to those for obtaining attorney fees

under civil rights statutes. *Broccoli v. Echostar Commc'ns Corp.*, 229 F.R.D. 506, 515 (D. Md. 2005).[7]

Dismissal of an action, "whether on the merits or not, generally means the defendant is the prevailing party."[8] However, "when a defendant remains at risk of another suit on the same claim, he can hardly be considered to be in the same position as a defendant who no longer faces the claim due to a dismissal with prejudice."[9] Accordingly, "a voluntary dismissal without prejudice does not render a defendant a prevailing party." *Id.*

Here, the dismissal of the common law claims was without prejudice, but it was not voluntary. *See* ECF No. 152 (dismissing the amended complaint without noting that dismissal was with prejudice). Still, it left the Defendants "at risk of another suit on the same claim." *Best Indus.*, 1998 WL 39383, *4. After exhausting administrative remedies, the Plaintiffs were free to

---

[7] Citing *Tunison v. Cont'l Airlines Corp.*, 162 F.3d 1187, 1189-90 (D.C. Cir. 1998); *Farrar v. Hobby*, 506 U.S. 103, 119 (1992) (O'Connor, J., concurring); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1180 n.1 (Fed. Cir. 1996); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 132 (5th Cir. 1983); *Johnson v. City of Aiken*, 278 F.3d 333, 339 (4th Cir. 2002).

[8] *Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993); *see also Burda v. M. Ecker Co.*, 954 F.2d 434, 441 n.9 (7th Cir. 1992) (when action is dismissed for failure to state a claim, defendant is prevailing party).

[9] *Best Indus., Inc. v. CIS BIO Int'l*, 134 F.3d 362 (table), 1998 WL 39383, *4 (4th Cir. 1998).

file suit again; they might have been unable to seek compensatory damages, having obtained those damages through the administrative process, but they were free to seek punitive damages on those common law claims. ECF No. 41 ¶92.[10]

As the dismissal left the Defendants vulnerable to a renewed action on the same claim by the Plaintiffs, the

---

[10] The Plaintiffs also argue that they are the prevailing parties. The plaintiff prevails when she succeeds on a "significant claim affording some of the relief sought," even if it is not "the central issue" or "the primary relief sought." Broccoli, 229 F.R.D. at 514-15 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989)). When both parties achieve some success, neither is a prevailing party under Rule 54(d). Broccoli, 229 F.R.D. at 516 (the defendant could not claim prevailing party status when jury found for it on five of seven claims but the two claims on which it failed had an "inextricable nexus" with claims on which it succeeded).
    Here, the Plaintiffs did not succeed on any of their claims in this litigation. The Defendants obtained summary judgment on the RESPA claim and dismissal for failure to state a claim in the remaining counts. ECF Nos. 91, 151 at 10-11. The Plaintiffs sought compensatory damages, treble damages on the RESPA claim, and more punitive damages on the common law claims. See ECF No. 41 ¶¶80, 87, 92. The Court awarded the Plaintiffs no damages. ECF Nos. 91, 152.
    Though the MIA eventually concluded that the Defendants had overcharged them, that conclusion was reached after judgment in this case. See ECF No. 167 at 6. Unlike cases in which there is "a causal relationship between the action and the ultimate relief received," Sullivan v. Pa. Dep't of Labor & Indus., Bureau of Vocational Rehab., 663 F.2d 443, 448 (3rd Cir. 1980), in this case the only relationship between this lawsuit and the MIA determination was that this Court told the Plaintiffs they could not obtain relief here until after the MIA considered their claims. See ECF No. 151 at 6-7. Accordingly, the Plaintiffs did not prevail in this action. That conclusion does not necessarily mean that the Defendants prevailed.

Defendants are not prevailing parties.  Accordingly, the entry of costs for the Defendants will be vacated.

III. Conclusion

For the reasons stated above, the Plaintiffs' motion for review will be granted; the Clerk's order taxing costs will be vacated.

_____3/13/12_____          _____/s/_____
Date                          William D. Quarles, Jr.
                              United States District Judge